**FILED**

NOV 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ERNEST SIMPSON, 18567-037
*196 KENT DRIVE*
*RUTHER GLEN, VA.*
        *22546*
           **PLAINTIFF**

**V.**

**FEDERAL BUREAU OF PRISONS**

        **DEFENDANT**

:    **UNITED STATES DISTRICT COURT**

:    **FOR THE DISTRICT OF COLUMBIA**

:        CASE NUMBER   1:05CV02295

:    CI JUDGE: Colleen Kollar-Kotelly

:    N( DECK TYPE: FOIA/Privacy Act

:        DATE STAMP: 11/28/2005

:    **TRIAL BY JURY OF 12 DEMANDED**

**JURY ACTION**

**PRIVACY ACT COMPLAINT PURSUANT TO**
**SECTION 552a (g) (1) (A) & (g) (2) (A); 552a (g)**
**(1) (C) & (g) (4)**

## COMPLAINT

1.    Plaintiff, Ernest Simpson (hereinafter Plaintiff), at the time of the occurrences

        stated herein was an inmate residing at FCI Allenwood, P.O. Box 2000, White

        Deer,PA 17887-2000.

2.    Defendant, Federal Bureau of Prisons is the Governmental Agency of the United

        States Government.

3.    Bureau of Prisons duty under federal statute is to maintain all records pertaining

        to any individual with accuracy as is reasonably necessary to assure fairness to

        the individual in any determination based on the records.

**RECEIVED**

NOV 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4.   Federal Statute provides for judicial review whenever an agency decides not to amend an individual's record as requested.

5.   Federal Statute grants a cause of action to an individual whenever he is harmed as a result of the agency's failure to maintain its records with the accuracy require by the Statute.

6.   Federal Statute renders the government liable for damages, cost, and attorney fees in such cases when its failure to maintain accurate records was intentional or willful.

7.   The district court has jurisdiction pursuant to the Privacy Act 5 U.S.C. Section 552a (g) (1) (A) & (g) (2) (A); 552a (g) (1) (C) & (g) (4).

8.   Submission of Plaintiff's dispute of the accuracy of material in a record pertaining to him was filed on January 20, 2004 through the Administrative Remedy Procedure.

9.   Plaintiff received an Incident Report in violation of Code 217 which the Federal Bureau of Prisons made a finding that the record did not contain evidence that Plaintiff received money for prohibited or illegal purpose.

10.  And further stated that the Incident Report must be expunged from the record absent evidence to support the charge.

11.  Plaintiff's Incident Report was not expunged from the record.

12.  Plaintiff suffered adverse effect from the Federal Bureau of Prisons failure to maintain an accurate and complete record as is necessary to assure fairness in any determination that may be made on the basis of such record.

## Facts.

13. The preceding paragraphs are incorporated herein by references as though fully set forth.

14. On November 7, 2003, Plaintiff received a money order from Tawana Grimes.

15. The envelope that Plaintiff received at mail call did not have a return to sender name on the envelope and the money order receipt sent to Plaintiff from the business office only had "Grimes" on the receipt.

16. Plaintiff knows Ernest Grimes, Thomas Grimes and Tawana Grimes's family for than 30 years. Grimes families are not related.

17. Plaintiff had no reason to question the posting of this money to his account or reason to refuse the money.

18. Section 11 of the Incident Report indicates the female who sent the money order to Plaintiff was an associate of Michael Ingram another inmate at FCI Allenwood.

19. On November 12, 2003, Margie Cook, SIS Technican monitored incoming money transactions which were received in the mail room on November 7, 2003. In doing so Margie Cook found two money orders that were purchased on the same date (October 30, 2003) by the sender Tawana Grimes.

20. One money order was mailed to Plaintiff and the other was mailed to Michael Ingram.

21. The Incident Report indicates that Ingram had sent thousands of dollars to Tawana Grimes since November of 2002 which could be confirmed by Ingrams's money trail.

22. Margie Cook, SIS Technician assumed that Ms. Grimes was sending money to Plaintiff on Inmate Ingram's behalf. This type of money transaction is unauthorized.

23. On November 13, 2003, Margie Cook wrote an Incident Report charging Plaintiff with receiving money from Another Inmate For Prohibited Purpose, a Code 217 Violation.

24. Plaintiff received a disciplinary hearing before the Discipline Hearing Officer (DHO) on NOVEMBER 20, 2003.

25. The evidence at the hearing consisted solely of the written report of Ms. Cook, SIS Technician and Plaintiff's testimony.

26. The DHO entered five (5) different findings into the record related to the Incident Report.

27. Records reveal that the DHO entered into the record that Plaintiff received money from another inmate for prohibited purpose.

28. Records reveals that the DHO entered into the record that Plaintiff was involved in doing legal service work for other inmates and charging for his work.

29. Records reveal that the DHO entered into the record that Inmate Ingram was exchanging money with Plaintiff for contraband.

30. Records reveal that the DHO entered into the record that Inmate Ingram was involved in sending thousands of dollars outside and filtering in through Plaintiff.

31. Finally, records reveal that the DHO entered into the record that Plaintiff committed Conduct Which Disrupts The Orderly Running Of The Institution (receiving money for a prohibited purpose).

32. Records show that Plaintiff denied all charges/allegations at the hearing and through the Administrative Remedy Procedure, requesting the Federal Bureau of Prisons to expunge the Incident report.

33. Federal Bureau of Prisons, Regional Director at the Northeast Regional Office remanded the disciplinary action for further review instructing the DHO that absent evidence to support a Code 217 charge, the Incident Report must be expunged.

34. The Regional Director made a finding that while it appeared that money was sent to Plaintiff from another inmate, the record did not contain evidence that Plaintiff was aware of this transaction prior to its occurrences.

35. On March 4, 2004, the DHO scheduled a rehearing at which time he ignored the Regional Director's instructions when he again found Plaintiff committed the Prohibited Act Of Conduct Which Disrupts (receiving money for a prohibited purpose).

36. Plaintiff appealed the March 4, 2004 decision of the DHO to the Regional Director, requesting to have the Incident Report expunged.

37. The Regional Director determined that the DHO had ordered a rehearing of this Disciplinary Action.

38. The DHO again ignored the determination/instructions of the Regional Director who had ordered a rehearing.

39. Plaintiff was released from FCI Allenwood on March 7, 2005 without receiving a rehearing from the DHO.

40. The DHO sustained the initial sanctions imposed from the original DHO Hearing. 15 Days Disciplinary Segregation, Forefeiture of 27 Days Statutory Good Time , Loss Of Commissary Privileges for 180 Days, and Loss Of Job (Unit Orderly).

## Claims For Relief

41. The Federal Bureau of Prisons decided not to amend /expunged Plaintiff's Record as requested although the Regional Director found that evidence was absent to support the charge.

42. The Federal Bureau of Prisons fail to maintain all records pertaining to Plaintiff with such accuracy as is reasonably necessary to assure fairness to the Plaintiff in any determination based on the records.

43. As a direct and proximate result of the conduct set forth, Plaintiff Has Suffered as follows:

43.1  Incarcerated 27 days pass his February 12, 2005 release date.

43.2  Loss of commissary privileges for 180 days.

43.3  Loss of trusty orderly job where he had been working for 4 years.

43.4  15 days Punitive Segregation.

**<u>Relief Requested</u>**

**WHEREFORE**, Plaintiff demand that judgment be entered against the Defendant Federal Bureau of Prisons for an amount of $800,000.00 exclusive of interest and court cost. Plus: (a) Expunge the Incident Report, (b) Grant attorney fees and (c) Such other and further relief as the Court may deem proper.

Ernest Simpson
196 Kent Drive
Ruther Glen, Virginia 22546

ERNEST SIMPSON, 18567-037          :      UNITED STATES DISTRICT COURT

                                   :      FOR THE DISTRICT OF COLUMBIA

            PLAINTIFF              :
        V.                         :      CIVIL ACTION LAW

                                   :      NO._____
FEDERAL BUREAU OF PRISONS

                                   :
        DEFENDANT

                                   :      TRIAL BY JURY OF 12 DEMANDED

                                   PRIVACY ACT COMPLAINT PURSUANT TO
                                   SECTION 552a (g) (1) (A) & (g) (2) (A); 552a (g)
                                   (1) (C) & (g) (4)

### CERTIFICATE OF SERVICE

I HEREBY CERIFY that on this 11th day of November, 2005, a copy of the

foregoing Privacy Act Complaint pursuant to Section 552a (g) (1) (A) & (g) (2) (A);

552a (g) (1) (C) & (g) (4) was mailed –postage prepaid to General Counsel, Office of

the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,Washington,

DC 20534

Ernest Simpson.