United States District Court
For the District of Columbia

Ernest Simpson, #18567-037
196 Kent Plaintiff,
Ruther Glenn, VA 22546

-against-

Federal Bureau of Prisons,
Harrell Watts, D. Scott Dodrill,
K. Bittenbender, Margie Cook,
Sued in their individual and
Official capacity

Defendants

CKK

Amended 05-2295
Complaint

Jury Trial Demanded

**Preliminary Statement**

This is a civil rights action filed by Ernest Simpson, a former federal prisoner, for damages and injunctive relief under Bivens Action, Article III, Section 2 of the United States Constitution and 28 U.S.C. Section 1331, alleging arbitrary/unfair action of government and deprivation of liberty "without due process of law" in violation of the Due Process Clause of the Fifth Amendment to the Constitution.

**Jurisdiction**

1. The court has jurisdiction over the Plaintiffs' civil actions arising under the Constitution, laws, or treaties of the United State pursuant to U.S.C. Section 1331.

**Parties**

2. The Plaintiff Ernest Simpson was incarcerated at the Federal Correctional

Institution Allenwood ( "Allenwood" ) during the events described in this Complaint.

3. Defendant Federal Bureau of Prisons is the Governmental Agency of the United States Government.

4. Bureau of Prisons duty under federal statute is to provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

5. Defendant Harrell Watts is the Administrator of National Inmate Appeals and is responsible for reviewing all National Administrative Appeals of disciplinary charges filed by FCI Allenwood inmates. He is sued in his individual and official capacities.

6. Defendant D. Scott Dodrill is the Northeast Regional Director and is responsible for reviewing all Northeast Regional Appeals of disciplinary charges filed by FCI Allenwood inmates. He is sued in his individual and official capacities.

7. Defendant K. Bittenbender is the Discipline Hearing Officer at FCI Allenwood and is responsible for conducting disciplinary hearings for prisoners accused of breaking prison rules. He is sued in his individual and official capacities.

8. Defendant Margie A. Cook is the SIS Technician at FCI Allenwood and is responsible for conducting investigations and charging prisoners accused of breaking prison rules. She is sued in her individual and official capacities.

**Facts**

9. On November 7, 2005, Plaintiff received a money order from Tawana Grimes.

10. The envelope that Plaintiff received at mail call did not have a return to sender name on the envelope.

11. The money order receipt sent to Plaintiff from the business office only had

"Grimes" name on the receipt.

12. Plaintiff knows Ernest Grimes and Thomas Grimes.

13. Plaintiff does not know Tawana Grimes but has known her family for more than 30 years.

14. The Grimes families are not related.

15. Section 11 of the Incident Report indicates the female who sent the money order to Plaintiff was an associate of Michael Ingram another inmate at FCI Allenwood.

16. On November 12, 2003, Defendant Margie Cook monitored incoming money transactions which were received in the mail room on November 7, 2003.

17. In doing so Defendant Margie Cook found two money orders that were purchased on the same date (October 30, 2003) by sender Tawana Grimes.

18  One money order was mailed to Michael Ingram.

19  The Incident Report indicates that Ingram had sent thousands of dollars to Tawana Grimes since November of 2002 which could be confirmed by Ingram's money trail.

**Denial of Due Process**

20. Defendant Margie cook assumed that Tawana Grimes was sending money to Plaintiff on Inmate Ingram's behalf charging without any supporting evidence that Plaintiff was receiving money for prohibited acts.

21. On November 13, 2003, Defendant Margie Cook wrote an Incident Report Charging Plaintiff with Receiving Money From Another Inmate for Prohibited Purpose, a High Category Code 217 Violation.

22. On November 20, 2003, Plaintiff received a disciplinary hearing before

22. On November 20, 2003, Plaintiff received a disciplinary hearing before Defendant K. Bittenbender.

23. During the hearing Plaintiff told Defendant Bittenbender that he did not know Tawana Grimes nor had he for any reason asked Inmate Ingram for money.

24.. After the hearing Plaintiff received a written disposition signed by Defendant Bittenbender finding Plaintiff guilty as charged based on Defendant Margie Cook's Incident Report and sentencing Plaintiff to 15 days in punitive segregation, forfeiture of 27 days Statutory Good Time, 6 months loss of commissary, and loss of job.

25. Defendant Margie Cook's Incident Report provided to the Plaintiff alleged that the Plaintiff received money from another inmate for a prohibited purpose.

26. Defendant Margie Cook's Incident Report did not state any facts showing a prohibited purpose for which Plaintiff received the money.

27. Pursuant to prison procedure, Plaintiff filed an administrative appeal with the Defendant Dodrill, pointing out that he never exchanged money for contraband with Inmate Ingram or any other inmate, that there was no evidence supporting the charge of receiving money from another inmate for prohibited purpose, and the written disposition did not explain the reasons for the findings of guilt.

28. Defendant Dodrill remanded back to Defendant Bittenbender for further review instructing that " for purposes of introducing contraband or any other illegal or Prohibited purposes" …" the record does not contain evidence that inmate Simpson was aware of this transaction prior to its occurrence. … absent evidence to support a Code 217 charge, the Incident Report must be expunged. "

29. On March 4, 2004, the Defendant Bittenbender scheduled a rehearing at

he made the finding that Plaintiff committed the prohibited act of receiving money for prohibited purpose.

30. Pursuant to prison procedure, Plaintiff filed his second Administrative Appeal with Defendant Dodrill, pointing out that Defendant Bittenbender knowingly and intentionally made false statements, making those statements part of inmate's record (1) Plaintiff was involved in doing legal service/work for other inmates, charging for his Work, (2) Inmate Ingram was exchanging money with Inmate Simpson for contraband, (3) Ingram was involved in sending thousands of dollars outside and filtering in through Inmate Simpson.

31. Defendant Dodrill partially granted the appeal making a determination that Defendant Bittenbender had ordered a rehearing.

32. Pursuant to Administrative Remedy Procedure, the Plaintiff filed an administrative appeal with Defendant Harrell Watts, pointing out that Defendant Bittenbender fail to follow criteria appropriate, rational, and consistent with its enabling Rules and Regulations so that its decision is not arbitrary and capricious, nor based on impermissible considerations.

33. Plaintiff further pointed out that any finding of fact by Defendant Bittenbender is tainted based upon the false allegations/statements knowingly and Intentionally placed into the inmate record has forfeited his right to rehear this disciplinary action.

34. Defendant Watts denied Plaintiff's appeal requesting him to expunge the Incident Report and return Good Time Credits.

35. Defendant Bittenbender did not schedule a rehearing, Plaintiff was released 11 months later without having a rehearing.

**Claims for Relief**

36. The actions of Defendant Margie cook in writing Plaintiff an Incident Report for receiving money from another inmate for prohibited purposes with no evidence to support the charge denied Plaintiff the due process of law in violation of the Fifth Amendment to the United States Constitution.

37. The actions of Defendant Bittenbender placing false allegations and statements in Plaintiff's record without giving him an opportunity to response to charges, finding him guilty of receiving money from another inmate for prohibited purposes with no evidence to support the charge, forfeiture of statutory good time credits, punitive segregation, and the failure to provide a meaningful explanation of the findings of guilt denied the Plaintiff due process of law in violation of the Fifth Amendment to the United States Constitution.

38. The actions of Defendant Scott Dodrill in refusing to overturn the Plaintiff's disciplinary conviction, despite his knowledge of the above described due process violations, constituted deliberate indifference and further denied the Plaintiff due process of law in violation of the Fifth Amendment to the United States Constitution.

39. The actions of Defendant Harrell Watts in refusing to overturn the Plaintiff's disciplinary conviction, despite his knowledge pf the described due process violations, constituted deliberate indifference and further denied Plaintiff the due process of law in violation of the Fifth Amendment to the United States Constitution.

40. The Defendants, Harrell Watts, D. Scott Dodrill, K. Bittenbender, and Margie Cook was an agent, servant, employee or ostensible agent, servant, or employee of the Federal Bureau of Prisons.

41. At all times relevant hereto, the Defendants were acting within the scope of their employment as agent, servant, or employee of the Federal Bureau of Prisons.

42. Federal Bureau of Prisons is responsible for and/or vicariously liable for the actions or inactions of Defendants with respects to the disciplinary proceedings and actions, which constitutes denial of due process.

**Relief Requested**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgment stating that:

   1. Defendants Cook in writing the Incident Report, Defendant Bittenbender actions in conducting the Plaintiff's disciplinary hearing and Defendants Dodrill and Watts's action in sustaining it, violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

B. Issue an injunction ordering Defendant Federal Bureau of Prisons or their agents to:

   1. Immediately submit/produce all disciplinary records including appeals affidavits and exhibits.

C. Issue an injunction ordering Defendant Bittenbender to :

   1. Expunge the disciplinary convictions described in this complaint

from the Plaintiff's institution record.

D. Award compensatory damages jointly and severally against:

    1. Defendant Federal Bureau of Prisons, Watts, Dodrill, Bittenbender, and Cook for the punishment and emotional injury resulting from their denial of due process in connection with the Plaintiff's disciplinary proceedings. In the amount of $ 400,000.00.

E. Award punitive damages against Defendants Federal Bureau of Prisons, Watts, Dodrill, Bittenbender, and Cook. In the amount of $ 400,000.00.

F. Grant such other relief as may appear that Plaintiff is entitled.

November 21, 2005

*Ernest Simpson* (signature)
Ernest Simpson
196 Kent Drive
Ruther Glen, Virginia 22546

United States District Court
For the District of Columbia

|  |  |
|---|---|
| Ernest Simpson, #18567-037<br>　　　Plaintiff,<br><br>　　　-against-<br><br>Federal Bureau of Prisons,<br>Harrell Watts, D. Scott Dodrill,<br>K. Bittenbender, Margie Cook,<br>sued in their individual and<br>official capacity<br><br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)　Complaint<br>)<br>)<br>)　Jury Trial Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2005, a copy of the foregoing Civil Rights Action pursuant to 28 U.S.C. Section 1331 was mailed –postage prepaid to the General Counsel, Office of the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Ernest Simpson*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Ernest Simpson
　　　　　　　　　　　　　　　　　　　　　　　　　　　196 Kent Drive
　　　　　　　　　　　　　　　　　　　　　　　　　　　Ruther Glen, Virginia 22546

AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

District of   COLUMBIA

Ernest Simpson, 18567-037

Plaintiff

V.

Federal Bureau of Prisons

Defendant

APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER:

I, __Ernest Simpson__ declare that I am the (check appropriate box)
☒ petitioner/plaintiff/movant       ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?    ☐ Yes    ☒ No    (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? _____  Do you receive any payment from the institution? _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?    ☐ Yes    ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

   n/a

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

   December=1998 - University of Maryland (College Park)-6.50 per hr.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment    ☐ Yes    ☒ No
   b. Rent payments, interest or dividends             ☐ Yes    ☒ No
   c. Pensions, annuities or life insurance payments   ☐ Yes    ☒ No
   d. Disability or workers compensation payments      ☐ Yes    ☒ No
   e. Gifts or inheritances                            ☐ Yes    ☒ No
   f. Any other sources                                ☒ Yes    ☐ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

Receive Social Security Benefits ($1793.00 per month- begining April 2005)

4. Do you have any cash or checking or savings accounts?   ☒ Yes   ☐ No

   If "Yes," state the total amount.  $161.00

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   ☐ Yes   ☒ No

   If "Yes," describe the property and state its value.

   n/a

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

   Self   $1600.00 per month

I declare under penalty of perjury that the above information is true and correct.

11/21/2005                               *Ernest Simpson*
Date                                     Signature of Applicant

NOTICE TO PRISONER: A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.