UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST SIMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>) | Civil Action No.: 05-2295 (CKK) |

**MOTION TO DISMISS**

Defendants, the Federal Bureau of Prisons ("BOP"), and several BOP officials sued in their official capacities, respectfully request dismissal of Plaintiff's case pursuant to Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim.[1]  Plaintiff alleges that when he was incarcerated in federal prison, BOP failed to keep an accurate record pertaining to him in the form of an inaccurate incident report.  Plaintiff claims entitlement to relief under the Privacy Act, the Freedom of Information Act ("FOIA"), and under a <u>Bivens</u> theory.  Plaintiff's claims fail to state a claim because, *inter alia*, he failed to exhaust his administrative remedies and there is no cause of action under the statutes he cites.

A proposed order and memorandum of law are attached.  Local Rule 7(m) does not apply and, therefore, undersigned counsel did not attempt to confer with Plaintiff regarding this motion.

---

[1] Plaintiff named these government officials in their personal capacities as well as their official capacities.  Because Plaintiff has not served these individuals in their personal capacities, there is no deadline at this time for their responses to the individual capacity claims.  The process for these individuals to request representation of their personal interests by the Department of Justice is underway, but is not yet complete. By responding here in their official capacities, these officials expressly preserve all defenses available to them in their individual capacities, including insufficiency of service of process and immunity from suit.

*Pro se* Plaintiff is advised that if he fails to respond to this motion, the Court may grant this motion and dismiss his case because of the failure to respond. See Fox v. Strickland, 837 F.3d 507 (D.C. Cir. 1988).

| | |
|---|---|
| February 3, 2006 | Respectfully submitted, |

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERNEST SIMPSON, | ) |
| | ) |
| Plaintiff, | )   Civil Action No.: 05-2295 (CKK) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendants, the Federal Bureau of Prisons ("BOP"), and several BOP officials sued in their official capacities, respectfully request dismissal of Plaintiff's case pursuant to Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim.[1] Plaintiff alleges that when he was incarcerated in federal prison, BOP failed to keep an accurate record pertaining to him in the form of an inaccurate incident report. Plaintiff filed several administrative challenges to the incident report, eventually obtaining two rehearings of the incident. After the second rehearing, however, Plaintiff did not pursue any further administrative challenges. Instead, several months later, Plaintiff brought this civil action (soon after he was released from prison). Plaintiff claims entitlement to relief under the Privacy Act, the Freedom of Information Act ("FOIA"), and under a <u>Bivens</u> theory. Plaintiff's claims must be dismissed

---

[1] Plaintiff named these government officials in their personal capacities as well as their official capacities. Because Plaintiff has not served these individuals in their personal capacities, there is no deadline at this time for their responses to the individual capacity claims. The process for these individuals to request representation of their personal interests by the Department of Justice is underway, but is not yet complete. By responding here in their official capacities, these officials expressly preserve all defenses available to them in their individual capacities, including insufficiency of service of process and immunity from suit.

for any of several reasons explained below, including Plaintiff's failure to exhaust administrative remedies and that BOP's regulation exempted itself from the relevant Privacy Act provisions.

## Argument

**I.     BOP Regulations Exempt the Relevant Records from Any Privacy Act Claims.**

The Privacy Act, 5 U.S.C. § 552a, governs federal agencies' maintenance of records pertaining to individuals. A "record" within the meaning of the Act refers to information that is "about an individual," that is maintained within a "system of records" of an agency, and that is retrieved from that system through use of a person's name or other personal identifier. 5 U.S.C. § 552a(a)(4), (a)(5). The records at issue here are all maintained in BOP's Inmate Central Record System, JUSTICE/BOP-005 ("ICRS").

The Act provides generally that each agency that maintains a system of records shall "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness" and where the agency makes a determination that is adverse to the individual, the individual may, under certain circumstances, bring a civil action to recover "actual damages sustained," costs and reasonable attorney fees. See 5 U.S.C. § 552a(g)(1)(D), (g)(4).

Separate and apart from a damages claim, subsection (d)(2) of the Act requires a federal agency to permit an individual who is the subject of the agency's records to request amendment of any record pertaining to him. In the case of an agency refusal to do so, the Act permits the individual to bring a civil action which may result in a court order to amend the disputed record. See 5 U.S.C. § 552a(g)(1)(A) & (C) and § 552a(g)(2)(A).

However, the Privacy Act also allows the head of certain law enforcement agencies to

promulgate regulations exempting any of the agency's system of records from specified provisions of the Act, including the accuracy provision in (e)(5), the damages provision in (g)(1) and (g)(4), and amendment provisions in subsection (d)(2). See 5 U.S.C. § 552a(j). Well before Plaintiff filed this action, BOP had exercised this authority under the Privacy Act and exempted its records in the ICRS from the relevant damages provisions of the Privacy Act. See 28 C.F.R. §§ 16.97(a) and (j); 67 Fed. Reg. 51754 (Aug. 9, 2002). BOP earlier exempted records in the ICRS from the Act's amendment provisions. See Sellers v. Bureau of Prisons, 959 F.2d 307, 310 (D.C. Cir. 1992). In addition, BOP exempted the ICRS from the Act's accuracy provisions. See 28 C.F.R. § 16.97(k)(2). See generally White v. U.S. Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (finding BOP records exempt from amendment provisions); Doe v. FBI, 936 F.2d 1346, 1352 (D.C. Cir. 1991) (no cause of action exists when agency has exempted records from amendment requirements); but cf. Toolasprashad v. BOP, 286 F.3d 576 (D.C. Cir. 2002) (hearing damages claim against BOP in case brought prior to current regulation); Sellers v. Bureau of Prisons, 959 F.2d 307, 309-10 (D.C. Cir. 1992) (similar).

Because of these exemptions, there is no cause of action under the Act for damages or correction of the records. As explained in the regulation, application of the Act would otherwise "restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public." 28 C.F.R. § 16.97(k)(2). Accordingly, all of Plaintiff's Privacy Act claims must be dismissed.

## II.    Plaintiff's FOIA Claims Fail.

The rudiments of a FOIA claim are that the agency in question has improperly withheld

agency records.  See DOJ v. Tax Analysts, 492 U.S. 136, 142 (1989); Bur. Nat'l Affairs, Inc. v. DOJ, 742 F.2d 1484, 1488 (D.C. Cir. 1984).  Therefore, when an agency has not "withheld" records, there is simply no cognizable FOIA claim.  See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 139 (1980); Carlisle Tire and Rubber Co. v. U.S. Customs Service, 663 F.2d 210, 214 n.14 (D.C. Cir. 1980); Trueblood v. U.S. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996).  Here, Plaintiff has not alleged that he made a FOIA request or that BOP withheld the requested information.  Therefore, Plaintiff's FOIA claims must be dismissed.

Additionally, Plaintiff has failed to allege exhaustion of administrative remedies under FOIA, which is a separate condition precedent to judicial review of a FOIA suit.  See Ervin & Assocs., Inc. v. Dunlap, 33 F. Supp.2d 1, 14 (D.D.C. 1997); Trueblood, 943 F. Supp. at 68.  Therefore, Plaintiff's FOIA claims should be dismissed for this reason as well.

**III.    Failure to Exhaust Administrative Remedies.**

BOP granted Plaintiff's last request for a rehearing on the incident that gave rise to the incident report at issue here.  See Compl. ¶¶ 27-29.  Plaintiff, however, did nothing in response to that decision, took no action to appeal it, nor made any administrative steps to challenge or revisit it.  Thus, several months, upon his release, the administrative remedy process remained incomplete.  This is confirmed by the BOP records attached hereto and interpreted by the declaration of BOP's counsel, Marli J.P. Kerrigan.  See Ex. 1.  Because Plaintiff essentially abandoned his administrative claims, those claims have not been properly exhausted and may not brought in court.  See Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. District of Columbia, 245 F.3d 262, 266 (D.C. Cir. 2001); In re Smith, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (PLRA exhaustion requirement applies to prisoner's Privacy Act claims); Reid v. BOP,

4

No. 04-1845-ESH, 2005 WL 1699425 (July 20, 2005).

It should be noted that the relevant regulations governing both the process for Privacy Act complaints for Department of Justice ("DOJ") components (including BOP) and BOP's regulations for hearing prisoner grievances on any grounds do not apply only to prisoners who are still incarcerated, but apply equally well to prisoners who are released but wish to continue to pursue their claims. See 28 C.F.R. § 16.46 (DOJ Privacy Act procedures) and Part 542, Subp. B, §§ 542.10 to 542.19 (BOP grievance procedures); see also 42 U.S.C. § 1997e (Prisoner Litigation Reform Act or "PLRA"). Here, Plaintiff's own complaint specifies numerous steps he took in BOP's administrative process to contest the initial incident report and to obtain two rehearings, see Compl. ¶¶ 14-37, but after the BOP decision to grant the second rehearing, Plaintiff's efforts apparently ceased. See Ex. 1.

**IV.     Any Bivens Claims Must be Dismissed.**

Plaintiff also alleges violations of his due process rights by the individual defendants in their official and personal capacities. As an initial matter, there simply is no waiver of sovereign immunity permitting claims against the individual defendants in their official capacities, apart from the Privacy Act discussed above. See Meyer v. Reno, 911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. Dep't of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies, such as the BOP, from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992). Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government. Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984). Plaintiff's Complaint does

5

not contain any colorable basis for such a waiver.

To the extent the Plaintiff is seeking monetary damages against the defendants in their official capacities, the lawsuit must be construed as against the United States. Laury v. Greendfield, 87 F. Supp. 2d 1210, 1213 (D. Kansas 2000) (relying on Kentucky v. Graham, 473 U.S. 159 (1985)).  The United States, however, has not waived its immunity from constitutional tort lawsuits.  See Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994); Deaf Smith County Grain Processors, Inc. v. Glickman, 162 F.3d 1206, 1210 (D.C. Cir. 1998).  An action for damages based upon a Bivens theory can only be maintained against individual defendants and cannot be brought against the United States or an agency thereof, Meyer, 510 U.S. at 475, but at the same time a Bivens constitutional tort theory fails to state a claim against Defendants in their official capacities.  Plaintiff's allegations against the defendants in their official capacities must be dismissed with prejudice.  The only claims which are permissible under a Bivens theory are those against defendants in their individual capacities.  Therefore, to the extent plaintiff asserts claims for damages against Defendants in their official capacities and the BOP as an agency, such claims must be dismissed for lack of subject matter jurisdiction.

Moreover, the existence of the Privacy Act means that any Bivens theory must fail because Bivens claims are, by definition, a gap-filling invention of the courts that apply only where there is no alternative statutory remedial scheme.  See, e.g., FDIC v. Meyer, 510 U.S. 471, 484 (1994).  This forecloses a Bivens action even where the alternative remedial scheme may not help the particular plaintiff's claims in any given case.  See, e.g., Sinclair v. Hawke, 314 F.3d 934 (8th Cir. 2003).

Moreover, to the extent that Plaintiff seeks to correct BOP records as they affect his

treatment at the hands of BOP, all such claims have been mooted by his release from prison. See, e.g., McBryde v. Committee to Review, 264 F.3d 52, 55 (D.C. Cir. 2001).

Finally, to the extent his claims imply that BOP improperly kept him incarcerated too long, all such claims fail under Heck v. Humphries, 512 U.S. 477 (1994), and its progeny, because any such claims are barred until and unless Plaintiff can successfully challenge the duration of his sentence on either direct appeal or *habeas corpus*. See, e.g., Chung v. DOJ, 333 F.3d 273, 275 (D.C. Cir. 2003) (upholding dismissal of *Bivens* claim for alleged Privacy Act violation); Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996) (applying Heck to Bivens actions); Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988) (*en banc*); see also Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940 at *2 (D.C. Cir. Sep. 3, 2003) (constitutional claims based on the BOP's alleged maintenance and use of inaccurate information were barred because such claims are encompassed within the Privacy Act's comprehensive remedial scheme) (citing Chung and Bush v. Lucas, 462 U.S. 367, 368 (1983)); White, 148 F.3d at 1125-26; Bourke v. Hawk Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001) (even where a prisoner's claim that he was illegally denied a chance to secure his release would not necessarily result in his being released any earlier, it would raise that possibility and thus have a probabilistic impact on the duration of his custody, requiring that he resort to habeas in the jurisdiction of his incarceration); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371.  Therefore, Plaintiff may not claim that any alleged error by BOP prolonged his incarceration, and as explained above, any claim having to do with BOP's treatment of him while incarcerated is moot. Plaintiff simply has no viable claims in this action.

## Conclusion

For the foregoing reasons, the Court should dismiss Plaintiff's entire complaint and enter judgment for Defendants.

February 3, 2006                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Motion to Dismiss to be served upon *pro se* plaintiff by first class mail addressed to:

    ERNEST SIMPSON,
    R.18567-037
    196 Kent Drive
    Ruther Glenn, VA 22546,

on this 3rd day of February, 2006.

                                  ALAN BURCH, D.C. Bar # 470655
                                  Assistant United States Attorney
                                  555 4th St., N.W.
                                  Washington, D.C. 20530
                                  (202) 514-7204
                                  alan.burch@usdoj.gov