UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| ERNEST SIMPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-2295 (CKK) |
| ) | |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants, the Federal Bureau of Prisons ("BOP"), and several BOP officials sued in their official capacities, hereby move to stay all discovery in this case until further order of the Court.[1] Plaintiff alleges that when he was incarcerated in federal prison, BOP failed to keep an accurate record pertaining to him in the form of an inaccurate incident report. Plaintiff claims entitlement to relief under the Privacy Act, the Freedom of Information Act ("FOIA"), and under a Bivens theory. Defendants have filed a motion to dismiss, see docket entry no. [10], and Plaintiff has not yet filed an opposition.

Plaintiff recently served on counsel for Defendants his First Request for Production of Documents. Defendants' motion to dismiss in this case asserting numerous defenses, including but not limited to, sovereign immunity and failure to state a claim.

---

[1] Plaintiff named the government officials in their personal capacities as well as their official capacities. Because Plaintiff has not served these individuals in their personal capacities, there is no deadline at this time for their responses to the individual capacity claims. The process for these individuals to request representation of their personal interests by the Department of Justice is underway, but is not yet complete. In filing this motion in their official capacities, these individuals preserve all defenses available to them in their individual capacities, including insufficiency of service of process and immunity from suit.

## ARGUMENT

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that "when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); EEOC v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided. See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not

abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

The stay is particularly appropriate here because the Defendants' motion to dismiss has the clear potential to resolve the entire case. Plaintiffs' complaint does not state a claim under any of his claimed statutory or constitutional bases.[2]

Counsel for undersigned counsel was unable to attempt to contact *pro se* Plaintiff by telephone to discuss this motion because Plaintiff's telephone number, if any, was not provided on the docket sheet or the complaint, nor is it available from information. Moreover, Local Rule 7(m) requires *counsel* for parties to confer regarding non-dispositive motions such as this one, and so it does not require counsel to contact *pro se* parties. Cf. Local Rule 16.3(a) (expressly including "nonprisoner *pro se* part[ies]").

---

[2] Thus, the stay is also appropriate in order to shield the individually named Defendants from the burdens of discovery, should they be served eventually and thus become answerable to this litigation. See, e.g., Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (until the "threshold immunity question is resolved, discovery should not be allowed."); Fludd v. United States Secret Service, 771 F.2d 549 (D.C. Cir. 1985); accord Butz v. Economou, 439 U.S. 478, 507-08 (1978).

A proposed order is attached.

February 7, 2006                                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Motion to Stay Discovery to be served upon *pro se* plaintiff by first class mail addressed to:

> ERNEST SIMPSON,
> R.18567-037
> 196 Kent Drive
> Ruther Glenn, VA 22546,

on this 7th day of February, 2006.

_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov