UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST SIMPSON,

  Plaintiff

v.

FEDERAL BUREAU OF PRISONS

  Defendant

Civil Action
NO. 05-2295 (CKK)

**PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

  This matter is before the Court on Defendant's Motion to Dismiss. Although defendant has addressed the complaint as brought under the Privacy Act, the Freedom of Information Act ("FOIA"), and under a Bivens theory. Plaintiff clarifies in this opposition that this is strictly a Privacy Act complaint. Plaintiff filed a Complaint asserting violations of his constitutional rights weeks after the Privacy Act was filed. The court never notified Plaintiff that the complaint was filed or that it was consolidated under one docket number. The Court therefore should consider any other claims as withdrawn and address defendant's motion only as it pertains to the Privacy Act.

  A memorandum of law and affidavit with exhibits are attached.

February 16, 2006                   Respectfully submitted,

*Ernest Simpson* (signature)

Ernest Simpson, Pro se
196 Kent Drive
Ruther Glen, Virginia 22546
(804) 448-8503

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST SIMPSON,                       *
                                      *
        Plaintiff                     *        Civil Action
                                      *        NO. 05-2295 (CKK)
  V.                                  *
                                      *
FEDERAL BUREAU OF PRISONS             *
                                      *
        Defendant                     *
                                      *
_____*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss. Although defendant has addressed the complaint as brought under the Privacy Act, the Freedom of Information Act ("FOIA"), and under Bivens theory. Plaintiff clarifies in this opposition that this is strictly a Privacy Act claim under subsection (g). See Caption of Privacy Act Claim. Plaintiff filed a Complaint asserting violations of his constitutional rights weeks after the Privacy Act was filed. The court never notified Plaintiff whether the Complaint was filed or that it was consolidated under one docket number. The Court therefore should consider any other claim withdrawn and address defendant's motion only as it pertains to the Privacy Act. The attached affidavit and exhibits set forth the facts of this case.

**Discussion**

The Privacy Act requires federal agencies to maintain records used in making

determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual] . . . ." 5 U.S.C. Section 552a (e) (5). Section 552a (d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." Doe v. Federal Bureau of Investigation, 936 F.2d 1346, 1350 (D.C. Cir. 1991). Subsection (g) (1) (A) and ( C ) authorize civil actions to enforce the amendment provisions, and subsection (g) (4) provides for monetary damages, cost and attorney's fees where the agency has acted intentionally or willfully. See Doe v. Federal Bureau of Investigation, 936 F.2d at 1350; accord Deters v. United States Parole Commission, 85 F.3d 655, 660-61 (D.C. Cir. 1996); Sellers v. Bureau of Prisons, 959 F.2d 307, 310-12 (D.C. Cir. 1992). Under 5 U.S.C. Section 552a (g) (4), an agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure" to maintain accurate records and consequently a determination is made which is adverse to the individual . . . ." 5 U.S.C. Section 552a (g) (1) ( C ) and (g) (4) (A).

### A.   Exemption of Relevant Records From Any Privacy Claims

Defendant argues that the records at issue here are all maintained in Bureau of Prisons ("BOP") Inmate Central Record System, JUSTICE/BOP-005 ("ICRS"), that BOP's regulation exempted itself from the relevant Privacy Act provisions, including the accuracy provision in (e) (5), the damages provision in (g) (1) and (g) (4), and amendment provisions in subsection (d) (2). Defendant's memorandum at 2-3.

These exemptions apply only to the extent that information in this system is subject to exemption pursuant to 5 U.S.C. 552a (j). Where compliance would appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected, e.g. public source materials or those supplied by third parties, the applicable exemption may be waived, either partially or totally, by the Bureau. 28 C.F.R. 16.97 (K).

It is for this Court to determine whether the exemption was waived, either partially or totally by the Bureau due to its conduct as set forth in the Affidavit of Ernest Simpson. See Affidavit of Ernest Simpson at 1 through 52. Plaintiff was charged (Incident Report) with Receiving Money From Another Inmate For Prohibited Purpose, the charges are set forth in the Privacy Act claim and Plaintiff's affidavit. The Regional Director in this case responding to Plaintiff's Administrative Remedy Appeal transmitted to the Warden and Disciplinary Hearing Officer (DHO) that the action was being remanded for further review absent evidence to support a Code 217 charge. The Regional Director ordered the Incident Report expunged as set forth at item 33 through 39 in the Affidavit of Ernest Simpson. See also Exhibit 14.

Defendant never implemented the order by expunging the Incident Report. Plaintiff's conviction for Receiving Money From Another Inmate For A Prohibited Purpose, unsupported by any evidence denied due process. Plaintiff is entitled to the due process protections provided by the Fifth Amendment. The seemingly permanent existence of this report combined with the seriousness of its accusations should convince the Court that the due process guarantees of the Fifth Amendment must come into play. If the district court concludes that Plaintiff's due process rights were violated, the Court should fashion a

remedy that is consistent with the principle that due process is a flexible concept whose procedural protections depend on the peculiar circumstances of each case. Morrissey v. Brewer, 408 U.S. 471, 481, 33 L. Ed. 2d 484, 92 S. Ct. 2593. Due process requires an opportunity to be heard at a meaningful time and meaningful manner, Mathews v. Elridge, 424 U.S. 319, 333, 47 L. Ed. 2d 18, 96 S. Ct. 893.

Assuming the falsity of the report, the BOP has deprived/denied Plaintiff of basic rights because it complied the report and has the authority to expunge the report. Additionally, defendant assert that the Privacy Act allows the head of the BOP to promulgate regulations exempting the agency's system of records from provisions of the Act. Plaintiff argue that Congress, the Constitution, Statute or Rules and Regulations does not authorize the head of the BOP to promulgate regulations that deny due process rights.

The reasons given by the defendants for exempting the records in this case from agency's system of records is because the application of the Act would otherwise "restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public." Defendant's Memorandum at 2-3. Plaintiff reject the contention that the application of the Act in this case would restrict correctional managers from exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public. The BOP totally waived exemption rights once it acknowledge using inaccurate information adversely against Plaintiff and ordered that the information be expunged but refuse to implement the order as set forth at item 36 and Exhibit 14 of Plaintiff's affidavit. Base on the above reasons the Court should rule that the relevant records are not exempt from any Privacy Act claim.

Plaintiff assert that this case falls "strictly" under subsection (g). See Caption in Privacy Act claim. To prevail on his damages claim under subsection (g) (1) (C) of the Privacy Act, Plaintiff must establish that (1) the agency records are inaccurate; (2) the inaccurate records resulted in determination adverse to Plaintiff; and (3) the agency's acts of omissions were willful or intentional. Deters v. U.S. Parole Commission, 85 F.3d at 57; Sellers v. Bureau of Prisons, 959 F.2d at 312; Blozy v. Tenet, 979 F. Supp. 10, 19-20 (D.D.C. 1997) accord Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002) (claim consists of allegations of "inaccurate records, agency intent, proximate causation, and adverse determination").

Plaintiff asserts that he has pleaded the three (3) elements needed to prevail on his damages claim under subsection (g) (1) (C), which is all that is required under the notice pleading requirement of Rule 8 of the Federal Rules of Civil Procedure. As the movant, defendant "has the initial burden of identifying evidence that demonstrates the absence of any genuine issue of material fact." Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. at 323). Defendant has not proffered any evidence to refute Plaintiff's claim that he never "received money from another inmate for prohibited purpose," as set forth at item 1 through 52 of Plaintiff's affidavit. "It is feasible, necessary, and proper, for the agency and, in turn, the district court to determine whether each filed item of information is accurate." Doe v. United States, 821 F.2d 694, 699 (D.C. Cir. 1987). The Affidavit of Ernest Simpson at 1 through 52 and Exhibits set forth the evidence for the Court to find that a genuine issue of material fact exist with respect to the accuracy of the challenged record. See e.g. Toolasprashed v. Bureau of Prisons, 286 F.3d at 583. ("[I]t is enough the [plaintiff] challenges as false a specific

assertion in [ a document ] that could, depending on the evidence, be easily ascertainable . . . ." ).

As for an adverse determination, Plaintiff blames his placement in punitive segregation, his loss of commissary privileges for 180 days, loss of trusty job in the unit office where Plaintiff had worked for four (4) years, and the loss of 27 days good time which meant 27 days detention past Plaintiff's February 12, 2005 release date, on the inaccurate record. See Privacy Act claim at item 43.1- 43.4. Plaintiff assert that he has sufficiently pleaded the elements of an adverse determination and causation, neither of which defendant has refuted with any contrary evidence. Defendant has not disputed Plaintiff's factual assertion. The Court therefore should accept it as true for purposes of ruling on the current motion pursuant to Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff also must show that defendant's maintenance of the alleged inaccurate record was willful or intentional. The standard is a high one: it is " something greater than gross negligence;" " an act without grounds for believing it to be lawful, or [ an act done ] by flagrantly disregarding others' rights under the Act; " " [ a ] violation . . . . So patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful. " Deters v. U.S. Parole Commission, 85 F.3d at 660 (internal citations omitted).

Plaintiff has always maintain that he did not commit the prohibited act alleged in the Incident Report or commit the charges/allegations made by the agency and repeatedly disputed the same since November 12, 2003, as being erroneous and unsubstantiated. Plaintiff's affidavit at 22 through 52. The agency made a decision that the charges in the report was erroneous, unsubstantiated and must be expunged but refused on repeated appeals to implement that order. Plaintiff's affidavit at 35 through 49 See also Exhibit 14.

BOP staff members " fabricated and falsified " records as set forth in Plaintiff's affidavit at 28 through 31 to punish him for, among other things, filing administrative grievances as set forth in Plaintiff's affidavit at item 50 through 51.

If proven , retaliatory fabrication of prison records would certainly meet Deters definition of a willful or intentional Privacy Act violation - a violation " so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful. " 85 F.3d at 660. Reasonable reliance by some employees cannot immunize an agency from the Privacy Act consequences of employing other individuals who ( allegedly ) deliberately falsify records. Tooasparshad v. Bureau of Prisons, 286 F.3d at 584. Defendant has not proffered any evidence to refute Plaintiff's allegations, which in combination, could reasonably be found to constitute a flagrant disregard of Plaintiff's rights under the Privacy Act.

### B.   Failure to Exhaust Administrative Remedies

Defendant also argue that Plaintiff cannot maintain the claim because he has failed to exhaust administrative remedies. This defense fails because exhaustion is not required before filing a lawsuit under the Privacy Act damages provision. See Hubbard v. United States Environmental Protection Agency, 809 F.2d 14 ( D.C. Cir. 1986 ); M.K. v. Tenet, 99 F. Supp. 2d 12, 20 ( D.D.C. 2000 ). Additionally, a prisoner who has not received promised relief is not required to file a new grievance where doing so may result in never ending cycle of exhaustion. Abney v. McGinnis, 380 F.3d 663, 668 ( 2nd Cir. 2004 ) Here, Defendant ordered a rehearing but never implemented the order by giving a rehearing.

Accordingly, remedies are not " available " to prisoner where officials failed to respond to his grievance during time period required by regulations. Foulk v. Charrier, 262 F.3d 687, 698 ( 8th Cir. 2001 ).

### Conclusion

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss and enter judgment that this Court deemed appropriate.

February 16, 2006                                                Respectfully submitted,

                                                                 Ernest simpson, Pro se
                                                                 196 Kent Drive
                                                                 Ruther Glen, Virginia 22546
                                                                 ( 804 ) 448- 8503

### Certificate of Service

I HERBY CERTIFY that on this 16th day of February 2006, copy of the foregoing Plaintiff's Motion In Opposition To Defendant's Motion to Dismiss was mailed prepaid to Alan Burch, Assistant United States Attorney, 555 4th St., N.W., Washington , D.C. 20530

                                                                 Ernest Simpson, pro se