UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST SIMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No.: 05-2295 (CKK)

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, the Federal Bureau of Prisons ("BOP"), and several BOP officials sued in their official capacities,[1] respectfully file this reply to address the arguments *pro se* Plaintiff makes in his opposition to Defendants' motion to dismiss. Plaintiff concedes that the motion to dismiss should be granted for all claims other than his Privacy Act claims. As to his Privacy Act claims, Plaintiff's two main arguments lack merit.

1.    Plaintiff argues that this Court should find that BOP constructively waived its exemption from the Privacy Act because, in Plaintiff's view, the facts of his case could be made to fit the explanatory language in BOP's waiver provision describing the circumstances in which BOP may waive its exemption. The simple problem with this argument is that the decision on the waiver provision is for BOP to make, not Plaintiff or the Court. See 28 C.F.R. § 16.97(k) ("it

---

[1] Plaintiff named these government officials in their personal capacities as well as their official capacities. By responding here in their official capacities, these officials expressly preserve all defenses available to them in their individual capacities, including insufficiency of service of process and immunity from suit. Moreover, it appears that any Privacy Act claims against these individuals would fail to state a claim under Chung v. DOJ, 333 F.3d 273, 275 (D.C. Cir. 2003) (upholding dismissal of *Bivens* claim for alleged Privacy Act violation); accord FDIC v. Meyer, 510 U.S. 471, 484 (1994); Sinclair v. Hawke, 314 F.3d 934 (8th Cir. 2003).

may be appropriate to permit individuals to contest the accuracy of information . . . [and] the applicable exemption may be waived, either partially or totally, by the Bureau."). Nothing in the waiver provision indicates any intention by BOP to create judicially enforceable standards that would effectively function as exceptions to the exception. Instead, the regulation's waiver provision enables BOP to make corrections in simple, obvious cases, without undoing the exemptions from the Privacy Act established by the rest of the regulation.

The remainder of Plaintiff's arguments regarding BOP's exemption of the relevant system of records (the Inmate Central Record System, JUSTICE/BOP-005) from the Privacy Act's correction, accuracy, and damages provisions lack merit.

2.     Plaintiff also argues that his damages claim under the Privacy Act is not subject to the requirement of administrative exhaustion. Plaintiff, however, ignores the source of the exhaustion requirement--the Prisoner Litigation Reform Act ("PLRA"), which applies to all claims relating to prison conditions. See 42 U.S.C. § 1997e; see also 28 C.F.R. § 542, Subp. B, §§ 542.10 to 542.19 (BOP grievance procedures). Here, Plaintiff failed to exhaust his administrative remedies after the last alleged failure by BOP to "expung[e] the Incident Report," Plf. Opp. Mot. Dismiss at 5. Simply because Plaintiff waited even longer than the deadline to file an administrative grievance--by waiting until he was released from prison--to file this lawsuit, does not excuse his prior failure to comply with the PLRA when he was still a prisoner.

## Conclusion

For the foregoing reasons, Defendants submit that the Court should dismiss Plaintiff's complaint in its entirety.

2

March 6, 2006                              Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


_____

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

3

## **Certificate of Service**

I hereby certify that I caused a copy of the foregoing Reply Memorandum in Support of Motion to Dismiss to be served upon *pro se* plaintiff by first class mail addressed to:

> ERNEST SIMPSON,
> R.18567-037
> 196 Kent Drive
> Ruther Glenn, VA 22546,

on this 6th day of March, 2006.

_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov