UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**ERNEST SIMPSON**     *

    **Plaintiff**     *

                            *     Civil Action No.: 05-2295
                                                  (CKK)

V.     *

**FEDERAL BUREAU OF PRISONS**     *

    **Defendant**     *

                                              *

---

**TRAVERSE MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

    This matter is before the Court on Defendant's motion to dismiss. Although Defendant has addressed the claim as brought under the Privacy Act, the Freedom of Information Act (" FOIA ") and under Bivens Theory. This is strictly a Privacy Act claim under subsection (g). See Caption of Privacy Act Claim. The Court therefore should consider any other claims withdrawn and address Plaintiff's motion only as it pertains to the Privacy Act.

Plaintiff filing pro se has a High School Equivalent. The Defendant has three (3) Attorneys assigned to this case to represent them. Plaintiff ask this Court not to hold his pro se motion to meet the stringent standards than formal papers drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-521 ( 1972 ).

    1.    Defendant argue that nothing in the waiver provision indicates any intention by

BOP to create judicially enforceable standards that would effectively function as exceptions to the exception. These exemptions apply only to the extent that information in this system is subject to exemption pursuant to 5 U.S.C. 552a ( j ). Where compliance would not appear to interfere with or adversely affect the law enforcement process . . . . See 28 C.F.R. Section 16.97 ( K ). The BOP exemption of the records regarding disciplinary records does not fall into any of the Privacy Act's exemptions which would permit the BOP to withhold any of the records at issue in this case.

Plaintiff has presented a " typical " Privacy Act case because the facts at issue are clearly provable and the Court should determine whether all of the allegedly erroneous information contained in Plaintiff's files is , in fact, true and/or whether exemption would interfere with or adversely affect the law enforcement process. Any exemption in this case would interfere with or adversely affect the law enforcement process. The Due Process Clause of the Fifth Amendment applies to federal inmates. The purpose of " due process " is generally not to keep the government from doing certain things altogether , but rather to keep it from acting in an arbitrary and unfair manner. See Wolf v. McDonnell, 418 U.S. 539, 558 ( 1974 ) ( " The touchstone of due process is protection of the individual against arbitrary action of government " ). The actions of the BOP in this case is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

2.      Defendant also appears to raise that Plaintiff ignores the source of the exhaustion requirement -- the Prison Litigation Reform Act ( " PLRA " ), which applies to all claims relating to prison conditions. Although the United States Supreme Court has held that the exhaustion requirement " applies to all inmate suites about prison life, "

Porter v. Nussle, 543 U.S. 516, 532 ( 2002 ), it is questionable whether a Privacy Act lawsuit falls under that category of cases. The Court need not resolve the question in order to dispose of the current motion because exhaustion is " not jurisdictional ". Ali v. District of Columbia, 278 F.3d 1, 5-6 ( D.C. Cir. 2002 ).

Contrary to Defendant's allegations, records submitted to the Court by Plaintiff and Defendant confirms that Plaintiff exhausted his administrative remedies when he appealed to the General Counsel ( National Appeal ) and the appeal was denied. The General Counsel instructed Plaintiff that a rehearing was ordered by the Regional Director and if Plaintiff was not satisfied with the decision after the rehearing, he could start the appeal process over again. Plaintiff never received a rehearing. Defendant has proffered no evidence that Plaintiff received a rehearing nor has disputed Plaintiff's factual assertion.

## Conclusion

For the foregoing reasons, Plaintiff submit that the Court should deny Defendant's motion to dismiss and grant whatever relief the Court deem appropriate.

Respectfully submitted,

Date: March 15, 2006

_____
Ernest Simpson, Pro se
196 Kent Drive
Ruther Glen, Virginia 22546
( 804 ) 448 8503

## Certificate of Service

I hereby certify on this 15th day of March 2006 that I caused a copy of the foregoing Traverse Memorandum In Opposition Of Motion To Dismiss to be served upon Defendant by first class mail addressed to:

> Alan Burch
> Assistant United States Attorney
> 555 4th Street, N.W.
> Washington, D.C. 20530

*Ernest Simpson*
Ernest Simpson, Pro se