UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERNEST SIMPSON,<br><br>      Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-2295 (CKK)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on defendant's motion to dismiss. For the reasons set forth below, the motion will be granted in part and denied in part.

I. BACKGROUND

At all times relevant to the complaint, plaintiff was incarcerated at the Allenwood Federal Correctional Institution ("FCI Allenwood") in White Deer, Pennsylvania. Amended Complaint ("Amd. Compl.") ¶ 2.

Plaintiff received a money order from Tawana Grimes. Amd. Compl. ¶ 9. Staff at FCI Allenwood who monitor incoming money transactions determined that Ms. Grimes was an associate of another inmate, Michael Ingram, and that Ms. Grimes sent money to plaintiff on Mr. Ingram's behalf. *Id.* ¶¶ 15-16, 20. A transfer of funds from one inmate to another is not authorized. *See* Affidavit and Exhibits in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Aff."), Ex. 5 (November 12, 2003 Incident Report). Plaintiff was

charged with a disciplinary violation: receiving money from another inmate for a prohibited purpose. Amd. Compl. ¶21; *see* Pl.'s Aff., Ex. 5. After a hearing on November 20, 2003, a Disciplinary Hearing Officer ("DHO") found plaintiff guilty as charged, and imposed the following punishment: disciplinary segregation (15 days), forfeiture of good time credit (27 days), loss of commissary privileges (180 days), and loss of his work assignment. Amd. Compl. ¶¶ 22, 24. Plaintiff successfully challenged the DHO's decision, and the BOP's Regional Director remanded the matter for further investigation. *Id.* ¶¶ 27- 28; Pl.'s Aff., Ex. 13 (Regional Director's February 19, 2004 Response to Appeal No. 320229-R3), Ex. 14 (February 19, 2004 Memorandum from Regional Director regarding Appeal No. 320229-R3).[1] The Regional Director instructed as follows:

> This disciplinary action is being remanded for further review. Absent evidence to support [the charge], the incident report must be expunged. In the alternative, the DHO may consider the lesser charge of accepting money from another person without authorization.

Pl.'s Aff., Ex. 14.

On review, the DHO again found plaintiff guilty as charged, and imposed the same punishment.[2] Amd. Compl. ¶ 29; Pl.'s Aff., Ex. 15 (March 5, 2004 Amended DHO Hearing Report). Plaintiff challenged the DHO's rehearing decision. Amd. Compl. ¶ 30; *see* Pl.'s Aff.,

---

[1] Plaintiff did not appeal Administrative Remedy No. 320229-R3 to the Central Office. Memorandum in Support of Motion to Dismiss, Declaration of Marli J.P. Kerrigan ¶ 5.

[2] The charge against plaintiff is summarized as follows:

Conduct which disrupts the orderly running of the institution, most like: Receiving Money From Another Inmate for a Prohibited Purpose

Pl.'s Aff., Ex. 15.

Ex. 16 (Regional Director's April 23, 2004 Response to Appeal No. 329151-R1). To the extent that plaintiff had been granted a rehearing, the Regional Director partially granted plaintiff's appeal.[3] Pl.'s Aff., Ex. 16. Plaintiff pursued his challenge to BOP's Central Office. *Id.*, Ex. 17 (National Inmate Appeals Administrator's May 19, 2004 Response to Administrative Remedy No. 329151-A1). He was advised that, "upon written receipt of the DHO's decision and disposition [on rehearing], [he] must reinstate any appeal to the Regional Director." *Id.* Plaintiff was released from prison before the rehearing occurred. Amd. Compl. ¶ 35.

Plaintiff brings this action under the Privacy Act, *see* 5 U.S.C. § 552a.[4] He demands, among other things, injunctive relief in the form of expungement of the relevant disciplinary records, and an award of monetary damages. Amd. Compl. at 7-8 (page numbers designated by Court).

## II. DISCUSSION

### A. Amendment Provisions of the Privacy Act

Pursuant to the Privacy Act, an agency generally must:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.

---

[3] Evidently, the DHO supplemented his initial hearing report without conducting a new hearing. *See* Pl.'s Aff., Ex. 15 (noting that "Additions to DHO Hearing Report are in BOLD print").

[4] Notwithstanding the constitutional claims raised in his Amended Complaint, plaintiff "clarifies . . . that this is strictly a Privacy Act complaint." Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss at 1. Accordingly, the Court "consider[s] any other claims as withdrawn and address[es] defendant's motion to dismiss only as it pertains to the Privacy Act." *Id.*

5 U.S.C. § 552a(e)(5). An individual may access an agency's records or information in a system of records pertaining to him, and may request amendment of records pertaining to him. *See* 5 U.S.C. § 552a(d). An individual may file a civil action against an agency which refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. *See* 5 U.S.C. § 552a(g); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (subsection (g) provides civil remedies for violations of subsection (e)(5)).

The Director of an agency may promulgate regulations to exempt "reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision" from specified provisions of the Privacy Act. 5 U.S.C. § 552a(j)(2). Pursuant to that authority, the Inmate Central Records System is exempt from subsections (d), (e)(5) and (g) of the Privacy Act. *See* 28 C.F.R. § 16.97(a)(4),(j). There are circumstances under which the BOP may waive the exemption, however. For example, the BOP may waive the exemption partially or totally "[w]here compliance would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected." 28 C.F.R. § 16.97(j). Nothing in the record indicates that the BOP has waived the exemption. Consequently, the injunctive relief plaintiff demands, expungement of the incident report, is not available. *See White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (barring claim for amendment of presentence report); *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive relief on the ground that regulations exempt relevant BOP records from amendment provision of Privacy Act). In this respect, the Court will grant defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be

granted.

### B. Exhaustion of Administrative Remedies

Defendant moves to dismiss plaintiff's Privacy Act claim for damages on the ground that he failed to exhaust his administrative remedies. *See* Memorandum in Support of Motion to Dismiss ("Def.'s Mem.") at 4-5. Exhaustion is not required, however, prior to bringing a damages claim under 5 U.S.C. § 552a(g)(1)(C). *Nagel v. Dep't of Health, Educ., and Welfare*, 725 F.2d 1438, 1441 & n.2 (D.C. Cir. 1988); *M.K. v. Tenet*, 99 F.Supp.2d 12, 20 (D.D.C. 2000); *but see Reid v. Fed. Bureau of Prisons*, No. 04cv1854, 2005WL 1699425 (D.D.C. July 20, 2005) (holding that Prison Litigation Reform Act's exhaustion requirement applies to Privacy Act claim). Defendant's motion to dismiss on this ground will be denied.

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss [#10] is GRANTED IN PART. The BOP records at issue are exempt from the Privacy Act's amendment provisions, and expungement of the incident report cannot be obtained under the Act. The motion is DENIED in all other respects. It is further

ORDERED that the Clerk of Court shall mail a copy of the Memorandum Opinion and Order to plaintiff at his address of record.

SO ORDERED.

_____
COLLEEN KOLLAR KOTELLY
United States District Judge

Date: July 20, 2006