UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERNEST SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 05-2295 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION
AND SUPPORTING MEMORANDUM**

Defendants, the Federal Bureau of Prisons ("BOP"), and several BOP officials sued in their official capacities, respectfully request reconsideration, pursuant to Rule 54(b), of the portion of the Court's recent ruling that denied their motion to dismiss Plaintiff's claims for damages under the Privacy Act.[1]  Because that ruling "adjudicate[d] fewer than all the claims" in the case, the ruling is "subject to revision at any time before entry of judgment adjudicating all the claims" under the terms of Rule 54(b).

As interpreted by this Court, reconsideration under Rule 54(b) is appropriate "when the Court has 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.'" Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C.

---

[1] Plaintiff named these government officials in their personal capacities as well as their official capacities.  Because Plaintiff has withdrawn all claims other than Privacy Act claims, this case no longer involves these individuals in their personal capacities.  See Mem. Op. at 3 n.4.

2005) (Lamberth, J.). "Errors of apprehension may include a Court's failure to consider '*controlling* decisions or *data* that might reasonably be expected to alter the conclusion reached by the court.' Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)) (emphasis added).

Note that the required showing for reconsideration under Rule 54(b) is less than that required for reconsideration of a final judgment. See, e.g., APCC Serv., Inc. v. AT & T Corp., 281 F. Supp. 2d 41, 44 (D.D.C.2003) (explaining that Rule 60(b) requires a showing of manifest injustice whereas an interlocutory order may be revised under Rule 54(b) "as justice requires") (Huvelle, J.), rev'd on other grounds, 418 F.3d 1238 (D.C. Cir. 2005); Lewis v. United States, 290 F. Supp. 2d 1, 3 (D.D.C. 2003) (Oberdorfer, J.); M.K. v. Tenet, 196 F. Supp. 2d 8, 12 (D.D.C. 2001) (Urbina, J.); cf. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (standards for reconsideration under Rule 59(e)).

In this case, Defendant argued in its motion to dismiss that BOP had exempted itself, pursuant to 5 U.S.C. § 552a(j), from the Privacy Act's damages provisions in 5 U.S.C. § 552a(g)(1) and (g)(4), and therefore, Plaintiff cannot state a cause of action under the Privacy Act for damages. See Def. Mem. Mot. Dismiss at 2-3. The Court's Memorandum Opinion and Order, dated July 20, 2006, denied the request to dismiss the damages claim, but did so apparently by rejecting only Defendants' separate argument that Plaintiff had not exhausted his administrative remedies for damages. See Mem. Op. at 5.

The Court, however, did not address BOP's antecedent argument that BOP properly exempted itself from the Privacy Act's damages provision altogether by issuance of its regulation in 2002. See 28 C.F.R. §§ 16.97(a) (exempting BOP from, *inter alia*, § 552a(g)) and 16.97(j)

(exempting BOP from § 552a(e)(1) and (e)(5)); 67 Fed. Reg. 51754 (Aug. 9, 2002); see also Def. Mot. Dismiss at 3 (citing the regulations).  This appears to constitute the sort of "error of apprehension" that consists of "failure to consider controlling decisions or data" within the language of Singh and other decisions cited above regarding the standards for Rule 54(b) reconsideration.

In addition, although Defendant's motion regrettably did not cite them, several recent decisions of this Court have recognized the validity of this regulation and the resulting exemption from Privacy Act damages claims.  See Thurston v. BOP, No. 03-2629, 2006 WL 1193648 (D.D.C. May 1, 2006) (Roberts, J.); Fisher v. BOP, No. 05-851, 2006 WL 401819 (D.D.C. Feb. 21, 2006) (Urbina, J.); Bryant v. BOP, No. 04-2263, 2005 WL 3275902 (D.D.C. Sep. 27, 2005) (Bates, J.); accord Scaff-Martinez v. BOP, No. 05-11119, 2005 WL 3556035, 160 Fed. Appx. 955, 956-57 (11th Cir. Dec. 29, 2005) (recognizing 2002 regulation exempting BOP from damages claims under Privacy Act); Parks v. BOP, No. 06-131, 2006 WL 771718 (W.D. Va. Mar. 23, 2006); but cf. Almahdi v. Lyons, No. 05-218, 2006 WL 751331 (D.D.C. Mar. 12, 2006) (Collyer, J.) (dismissing Privacy Act claims while avoiding basing the ruling on BOP's regulation exempting damages claims).

It bears noting that BOP's regulation post-dates the claims at issue in the D.C. Circuit's decision in Toolasprashad v. BOP, 286 F.3d 576 (D.C. Cir. 2002) (hearing damages claim against BOP in case brought prior to current regulation).[2]  Although the D.C. Circuit has yet to

---

[2] BOP's regulation also post-dates Nagel v. Dep't Health Educ. & Welfare, 725 F.2d 1438 (D.C. Cir. 1988), which the Court cited in rejecting BOP's exhaustion argument, see Mem. Op. at 5.

rule on a Privacy Act damages claim and the effect of BOP's 2002 regulation,[3] it is clear that the Toolasprashad decision considered only BOP's prior regulation which exempted BOP "from the Privacy Act provision that permits requests for amendment of flawed records," 286 F.3d at 581, and not the damages provisions. BOP's current regulation, by contrast, extends the exemption to damages claims and should control in this case. BOP, therefore, respectfully requests reconsideration under Rule 54(b) of the portion of the Court's ruling that denied dismissal of Plaintiff's damages claim.

July 31, 2006                                   Respectfully submitted,

                                                KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                United States Attorney


                                                RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                Assistant United States Attorney

                                                     /s/
                                                ALAN BURCH, D.C. Bar # 470655
                                                Assistant United States Attorney
                                                555 4th St., N.W.
                                                Washington, D.C. 20530
                                                (202) 514-7204
                                                alan.burch@usdoj.gov

---

[3] See, e.g., Martinez v. BOP, 440 F.3d 620 (D.C. Cir. 2006) (correction of records); Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940 (D.C. Cir. Sep. 3, 2003) (BOP not liable for damages, though not on basis of 2002 regulation, which was issued after the filing of the case).

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Motion for Reconsideration & Supporting Memorandum to be served upon *pro se* plaintiff by first class mail addressed to:

    ERNEST SIMPSON,
    R.18567-037
    196 Kent Drive
    Ruther Glenn, VA 22546,

on this 31st day of July, 2006.

                                  /s/
                            ALAN BURCH, D.C. Bar # 470655
                            Assistant United States Attorney
                            555 4th St., N.W.
                            Washington, D.C. 20530
                            (202) 514-7204
                            alan.burch@usdoj.gov