UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERNEST SIMPSON,                )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 05-2295 (CKK)
                               )
FEDERAL BUREAU OF PRISONS,     )
                               )
        Defendant.             )
_____)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure. Having considered the instant motion and the record of this case, the Court will grant reconsideration and will dismiss this action with prejudice.

## I. BACKGROUND

Plaintiff brings this civil action against the Federal Bureau of Prisons ("BOP") under the Privacy Act, see 5 U.S.C. § 552a.[1] See Compl. (Caption); Memorandum in Support of Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss (Pl.'s Opp'n") at 1; Traverse

---

[1] Plaintiff filed an Amended Complaint against BOP and four of its employees in their official and individual capacities, alleging violations of the Fifth Amendment to the United States Constitution stemming from the same events which gave rise to the Privacy Act claims. See Amd. Compl. ¶¶ 5-8, 36-39. Evidently he did not intend for these constitutional claims to proceed along with his Privacy Act claims. See Plaintiff's Motion in Opposition to Defendant's motion to Dismiss at 1. Accordingly, the Court relies on the factual allegations set forth in the original Complaint, and proceeds as if BOP is the sole defendant to a civil action filed pursuant to the Privacy Act.

Memorandum in Opposition to Motion to Dismiss at 1. He alleges that BOP maintains erroneous records, a November 13, 2003 Incident Report and resulting Disciplinary Hearing Officer Reports, on which it relied in imposing disciplinary sanctions. Compl. ¶¶ 22-23, 27-31, 40. Plaintiff demands amendment or expungement of erroneous reports and an award of fees and costs. *Id.* (Relief Requested).

## II. DISCUSSION

*A. Reconsideration Under Rule 54(b) of the Federal Rules of Civil Procedure*

In its July 20, 2006 Order, the Court granted in part and denied in part defendant's motion to dismiss. The Court concluded that plaintiff failed to state a claim under the Privacy Act for amendment or expungement of certain records maintained in BOP's Inmate Central Records System, and granted defendant's motion to dismiss on this ground. However, with respect to plaintiff's Privacy Act claim for damages, the Court denied defendant's motion in part on the ground that exhaustion of administrative remedies was not required.

The Court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); *see also Singh v. George Washington Univ.*, 383 F.Supp.2d 99, 101 (D.D.C.2005); *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C.2004). Defendant moves for reconsideration, and urges the Court to address its argument that "BOP properly exempted itself from the Privacy Act's damages provision altogether by the issuance of [a] regulation in 2002." Defendants' Motion for Reconsideration and Supporting Memorandum at 2. The motion for reconsideration will be granted.

*B. Plaintiff Fails to State Privacy Act Claims Upon Which Relief Can Be Granted*

1. <u>Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure</u>

A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The ruling on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The factual allegations of the complaint must be presumed to be true and liberally construed in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.*, 116 F.Supp. 2d 131, 135 (D.D.C. 2001). The Court, however, is not obligated to draw an inference that is not supported by the facts presented. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

2. <u>The Inmate Central Records System is Exempt from the Privacy Act's Accuracy and Damages Provisions</u>

Generally, the Privacy Act regulates the collection, maintenance, and dissemination of information pertaining to individuals by federal government agencies. Among other things, the Act requires that each covered agency:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination

5 U.S.C. § 552a(e)(5). An individual may file a civil action against the agency if it:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a

determination is made which is adverse to the individual

5 U.S.C. § 552a(g)(1)(C); *see Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (subsection (g) provides civil remedies for violations of subsection(e)(5)).[2] In a civil suit filed pursuant to 5 U.S.C. § 552a(g)(1)(C), if the agency's actions were willful or intentional, the Court may award actual damages sustained by the individual as a result of the agency's failure. 5 U.S.C. § 552a(g)(4)(A).

Notwithstanding the relief available under the Privacy Act, the Director of an agency may promulgate regulations to exempt any of the agency's systems of records from certain parts of the Privacy Act, if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).[3] Pursuant to this authority, regulations exempt BOP's Inmate Central Records System (JUSTICE/BOP-005), among other systems of records, from subsections (e)(5), and (g) of the Privacy Act. *See id.*; 28 C.F.R. § 16.97(a)(4), (b)(3), (j), (k).

The allegedly erroneous records at issue in this case are Incident and Disciplinary Hearing Officer ("DHO") Reports. *See* Pl.'s Opp'n, Ex. 5 (November 12, 2003 Incident Report), Ex. 7 (excerpt of DHO Report), Ex. 10 (excerpt of November 26, 2003 DHO Report), and Ex. 15

---

[2] The variation in language between subsection (e)(5) and subsection (g)(1)(C) is "of no substantive significance." *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en banc).

[3] Exemption from § 552a(b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i) are not permitted. 5 U.S.C. § 552a(j)(2).

(March 3, 2004 Amended DHO Report). Such reports are maintained in Section Four of his Inmate Central File, which, in turn, is maintained in BOP's Inmate Central Records System (JUSTICE/BOP-005). *See* Program Statement 5800-11, Inmate Central File, Privacy Folder, and Parole Mini-Files, CN-01 12/31/97 at 8. Because regulations exempt the Inmate Central Records System from subsections (e)(5) and (g) of the Privacy Act, plaintiff cannot obtain the relief he seeks. This exemption effectively deprives plaintiff of any remedy, including damages, for BOP's alleged failure to maintain its records with the requisite level of accuracy. *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (affirming district court's dismissal of Privacy Act claims against BOP because Inmate Central Record System exempt from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)); *Barbour v. United States Parole Comm'n*, No. 04-5114, 2005 WL 79041, *1 (D.C. Cir. Jan. 13, 2005) (per curiam) (affirming dismissal of Privacy Act claims against BOP on ground that Inmate Central Records System is exempt from accuracy requirements of subsection (e)(5); *Scaff-Martinez v. Fed. Bureau of Prisons*, No. 05-11119, 2005 WL 3556035, *2 (11th Cir. Dec. 29, 2005) (per curiam) (upholding dismissal of Privacy Act claims, including claim for monetary damages, because inmate records are exempt from subsections (d), (e)(5), and (g)); *McClellan v. Bureau of Prisons*, No. 5:05cv194, 2006 WL 2711631, *5 (S.D. Miss. Aug. 2, 2006) (Magistrate Report and Recommendation) (recommending dismissal with prejudice because exemption from §552a(e)(5) "proscribes plaintiff's suit against the BOP for either injunctive or monetary relief"); *Fisher v. Bureau of Prisons*, No. 05-0851 (RMU), 2006 WL 401819, *2 (D.D.C. Feb. 21, 2006) (dismissing damages claim based on BOP's alleged failure to maintain accurate records in Inmate Central Records System); *see Mitchell v. Bureau of Prisons*, No. 05-0443 (RWR), 2005

WL 3275803, *4 (Sept. 30, 2005) (damages not available for BOP's alleged failure to maintain accurate information in Inmate Judgment and Commitment File, which is part of Inmate Central Records System); *Bryant v. Bureau of Prisons*, No. 04-2263 (JDB), 2005 WL 3275902, *2 (Sept. 27, 2005) (dismissing damages claim for BOP's alleged failure to maintain accurate information in presentence investigation report maintained in Inmate Central Records System); *see also Parks v. Bureau of Prisons*, No. 7:06-CV-00131, 2006 WL 771718, *1 (W.D. Va. Mar. 23, 2006) (dismissing suit under 28 U.S.C. § 1915A for failure to state a claim because information maintained in "central records" exempt from Privacy Act's accuracy provision).

Plaintiff notes that the exemption can be waived. *See* Pl.'s Opp'n at 3 (page numbers designated by the Court). The relevant waiver provision reads as follows:

> (k) Where compliance would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected, *e.g.* public source materials, or those supplied by third parties, <u>the applicable exemption may be waived, either partially or totally, by the Bureau</u>. Exemptions from the particular subsections are justified for the following reasons:
>
> * * *
>
> (2) From subsection (e)(5) because in the collection and maintenance of information for law enforcement purposes, it is impossible to determine in advance what information is accurate, relevant, timely and complete. Data which may seem unrelated, irrelevant or incomplete when collected may take on added meaning or significance during the course of an investigation or with the passage of time, and could be relevant to future law enforcement decisions. In addition, because many of these records come from the courts and other state and local criminal justice agencies, it is administratively impossible for them and the Bureau to ensure compliance with this provision. The restrictions of subsection (e)(5) would restrict and delay trained correctional managers from timely exercising their judgment in managing the inmate population and providing for the safety and security of the prisons and the public.

28 C.F.R. § 16.97(k) (emphasis added). Plaintiff rejects this rationale, Pl.'s Opp'n at 4, and asserts that the Court must "determine whether the exemption was waived, either partially or totally by the [BOP,] due to its conduct as set forth in" his affidavit. *Id.* at 3; *see generally* Pl.'s Aff.

The Court declines to find a waiver for two reasons. First, it is not clear that the records covered by the waiver provision are those generated by BOP staff and pertaining to disciplinary matters occurring within a BOP facility. Rather, the regulation appears to contemplate consideration of records originating outside of BOP (from courts, for example) which find their way into BOP's systems of records. Second, the language of the waiver provision is permissive, and it is BOP's decision to waive the exemption in whole or in part.

### III. CONCLUSION

The Court concludes that BOP's Inmate Central Records System is exempt from the accuracy and damages provisions of the Privacy Act, and, for this reason, plaintiff fails to state a damages claim upon which relief can be granted. Accordingly, the Court will grant defendant's motion for reconsideration, and will grant defendant's motion to dismiss. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
COLLEEN KOLLAR KOTELLY
United States District Judge

Date: March 2, 2007